IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEKSANDR YEZERSKY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-272-A |
| | § | (NO. 4:15-CR-015-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Aleksandr Yezersky

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion, the

government's response, movant's reply, and pertinent parts of the

record in Case No. 4:15-CR-015-A, styled "United States of

America v. Fedor Belov et al," the court has concluded that such

motion should be denied.

I.

Background

On March 13, 2015, movant entered a plea of guilty to false

statement to a firearms dealer. CR Doc.[1] 18; CR. Doc. 32.

Movant's imprisonment range was 33 to 41 months imprisonment, and

on June 19, 2015, the court sentenced him to a term of 41 months'

imprisonment and three years of supervised release. CR. Doc. 63;

[1] The "CR Doc. _" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:15-CR-015-A.

CR. Doc. 64. Movant appealed his sentence and the sentence was

affirmed. <u>United States v. Yezersky</u>, 633 F. App'x 292 (5th Cir.

2016).

The government does not dispute that movant has timely filed

his motion under 28 U.S.C. § 2255. The pertinent facts are

adequately summarized by the government's response and will not

be repeated here.

II.

### Grounds of the Motion

Movant asserts three grounds in support of his motion. Doc.[2]

1. The grounds, as stated by movant, are "poor or ineffective

legal counsel" with supporting facts as follows:

> Ground One Supporting Facts: My lawyer failed to
> demonstrated my minor participation in the scheme, and my
> "peripheral" role in the advancement of an illicit activity.
> Because of that, I was not awarded a two-level reduction
> under U.S.S.G. §3B1.2(b) although I was not involved in the
> overall scheme; I was a translator and travel companion, and
> my participation was limited to those roles.

* * * * * *

> Ground Two Supporting Facts: My lawyer failed to demonstrate
> that I had no connection whatsoever, no intent,
> participation or knowledge as to the final destination of
> the firearms. It was assumed by the government that I was
> fully aware of that information, and because of that my
> offense was enhanced four points.

* * * * * *

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-272-A.

Ground Three Supporting Facts: I did not have access to the discovery of my case before sentencing. My lawyer had very little communication with me and did not take the time to discuss the discovery with me.

Doc. 1 at 5.

III.

Analysis

A.   Pertinent Legal Principles

1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

3

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

2.   <u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u>

<u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiencies." <u>Strickland</u>,

466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750,

751 (5th Cir. 2000). "The likelihood of a different result must

be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562

U.S. 86, 112 (2011), and a movant must prove that counsel's

errors "so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a

just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011)

(quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and movant must overcome

a strong presumption that his counsel's conduct falls within the

4

wide range of reasonable professional assistance.  <u>Strickland</u>,
466 U.S. at 689. Stated differently, the question is whether
counsel's representation amounted to incompetence under
prevailing professional norms and not whether it deviated from
best practices or most common custom. <u>Premo v. Moore</u>, 562 U.S.
115, 122 (2011).

B.   <u>The Grounds of the Motion are Without Merit</u>

    1.   <u>Ground One</u>

Movant's first ineffective assistance of counsel claim
relates to counsel's failure to demonstrate that movant was a
minor participant. Doc. 1 at 5. While this claim is styled as an
ineffective assistance of counsel claim, a motion under § 2255
may not be used to address claims of misapplication of the
sentencing guidelines which it appears is movant's main goal. <u>See</u>
<u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999).
Even if this is an ineffective assistance of counsel claim,
movant's claims are nothing more than conclusory allegations
which cannot sustain a claim for ineffective assistance of
counsel. <u>See Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir.
1983).

Counsel for movant objected to the failure to apply a
reduction based on movant's minor role in the conspiracy. CR.
Doc. 43 at 3; CR. Doc. 54 at 1. Counsel set forth substantially
the same argument that movant sets forth in his motion. CR. Doc.

43 at 3; CR. Doc. 54 at 1; Doc. 1 at 5. Furthermore, movant
raised this ground on appeal and "[i]t is settled in this Circuit
that issues raised and disposed of in a previous appeal from an
original judgment of conviction are not considered in § 2255
Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir.
1986); Felts, 583 F. App'x at 464. Thus, movant has now shown
that counsel was ineffective as to this claim.

    2.   Ground Two

Movant's second ineffective assistance of counsel claim is
that counsel failed to demonstrate that movant was not "fully
aware" of the final destination of the firearms which he claims
resulted in a four point increase. Doc. 1 at 5. Again, a motion
under § 2255 may not be used to address claims of misapplication
of the sentencing guidelines which it appears is movant's main
goal. Williamson, 183 F.3d at 462. To the extent that this is an
ineffective assistance of counsel argument, movant's counsel
objected to the four point increase based on the trafficking of
firearms to Kazakhstan. CR. Doc. 43 at 1-3; CR. Doc. 54 at 1.
Such objection was accepted by the court, and the court reduced
movant's offense level by four points. CR. Doc. 78 at 6-7. Thus,
movant has not shown that counsel was ineffective as to this
claim.

3.   <u>Ground Three</u>

Movant's third ground involves failure of counsel to communicate with movant and provide movant access to discovery. Doc. 1 at 5. Movant further explains to this ground to the court in his reply stating:

> [N]o evidence of any kind was shown to me to connect me with the overall scheme. No proof was shown of my knowledge of the final destination of the firearms. That I was fully involved in this scheme was a mere presumption without any proof to back it up. That's why no discovery at all was shown to me. As I mentioned on the original motion, my lawyer had very little communication with me, and never showed me any evidence to substantiate the assumption of my full involvement.

Doc. 7. It appears that this claim is merely a reassertion of movant's claims regarding his minor role and the firearms trafficking increase. As stated above, movant has not shown ineffective assistance of counsel on either ground.

Through this claim movant appears to be asserting that there was not sufficient evidence upon which to base his conviction. Doc. 7. However, movant entered a plea of guilty to the offense and signed a factual resume setting forth the facts upon which his conviction was based. Doc. 33; Doc. 77 at 25-29. At his rearraignment, movant testified that he read and understood such factual resume. Doc. 77 at 25-29. Thus, ample evidence existed to support movant's conviction and movant has provided no evidence to suggest that counsel's performance was unreasonable in not

giving movant more access to discovery. See Strickland, 466 U.S. at 687. Neither has movant shown that if counsel had provided movant with discovery or communicated with movant in a different way, it would have changed the outcome of the proceeding. See id. As previously stated, movant cannot prevail on an ineffective assistance of counsel claim by merely stating conclusory allegations. See Ross, 694 F.2d at 1012.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 19, 2016.

JOHN McBRYDE
United States District Judge

8